# EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| WILLIAM G. REAGAN<br>156 N. SECOND STREET<br>RITTMAN, OHIO 44270<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BARBERTON<br>c/o LISA O. MILLER, ESQ.<br>BARBERTON LAW DIRECTOR<br>576 W. PARK AVENUE, STE. 301<br>BARBERTON, OHIO 44203<br><br>and,<br><br>BARBERTON POLICE<br>DEPARTMENT<br>c/o LISA O. MILLER, ESQ.<br>BARBERTON LAW DIRECTOR<br>576 W. PARK AVENUE, STE. 301<br>BARBERTON, OHIO 44203<br><br>and,<br><br>EDWARD SIMMONS (BADGE #38)<br>BARBERTON POLICE<br>DEPARTMENT<br>c/o LISA O. MILLER, ESQ.<br>BARBERTON LAW DIRECTOR<br>576 W. PARK AVENUE, STE. 301<br>BARBERTON, OHIO 44203<br><br>M. COPE (BADGE #11)<br>BARBERTON POLICE<br>DEPARTMENT<br>c/o LISA O. MILLER, ESQ.<br>BARBERTON LAW DIRECTOR<br>576 W. PARK AVENUE, STE. 301<br>BARBERTON, OHIO 44203 | CASE NO.:<br><br>JUDGE:<br><br>COMPLAINT<br><br>42 U.S Section 1983;<br>Excessive/Unreasonable Use of Force;<br>Assault; Negligence; Intentional<br>Infliction of Emotional Distress<br><br>**<u>JURY DEMAND ENDORSED<br>HEREON</u>** |

NOW COMES Plaintiff William Reagan, by and through his undersigned counsel, for his Complaint against the Defendants do hereby state and allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. At all times relevant hereto, Plaintiff William Reagan (hereinafter referred to as "Reagan") was and is a resident of 156 N. Second Street, City of Rittman, County of Wayne, State of Ohio.

2. At all times relevant hereto, Defendant City of Barberton (hereinafter referred to as "Barberton") was and is a political subdivision and/or municipality as defined by the laws of the State of Ohio with a principal place of operation in the County of Summit, State of Ohio.

3. At all times relevant hereto, Defendant Barberton Police Department (hereinafter referred to as "Barberton Police") was and is a political subdivision and/or police department as defined by the laws of the State of Ohio with a principal place of operation in the County of Summit, State of Ohio.

4. At all times relevant hereto, Defendant Edward Simmons (hereinafter referred to as "Simmons") was and, upon information and belief is, a Patrol Officer employed by the Barberton Police, County of Summit, State of Ohio.

5. At all times relevant hereto, Defendant M. Cope (hereinafter referred to as "Cope") was and, upon information and belief is, a Patrol Officer employed by the Barberton Police, County of Summit, State of Ohio.

6. This action is brought pursuant to 42 U.S.C. 1983, the First and Fourteenth amendments to the United States Constitution.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C 1391 (b) because the events giving rise to Reagan's claims occurred in Summit County Ohio, and pursuant to 18 U.S.C. 1965.

## STATEMENT OF FACTS

8. Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully rewritten herein.

9. On or about July 15, 2021, Reagan was operating a motor vehicle in the City of Barberton, County of Summit, State of Ohio, and was pulling out of a private driveway of a Circle K Convenience Store and onto Wooster Road W.

10. On or about the same date and time, Patrol Officers Cope (badge #11) and Simmons (badge #38) were on duty and patrolling the area in the course and scope of their employment with the City of Barberton Police Department.

11. On or about the same date and at approximately 22:38 hours, Officers Cope and Simmons witnessed Reagan make a traffic violation and initiated a traffic stop of Reagan's vehicle.

12. During his initial discussion with Officers, Reagan advises them both of his recent left shoulder surgery.

13. Sometime during the stop, Reagan was removed from his vehicle and instructed to stand with Officer Cope between the Reagan vehicle and the Police cruiser.

14. After removing Reagan from his vehicle, Officer Simmons conducted a probable cause search of Reagan's vehicle.

15. While Office Simmons searched Reagan's vehicle, Officer Cope and Reagan conversed. Among other small talk, Cope and Reagan discussed Reagan's recent left shoulder surgery, treatment, recovery, and prognosis.

16. Upon completion of the vehicle search, Officer Simmons determines he is going to arrest Reagan. Simmons quickly and violently maneuvers Reagan's arms behind his back and handcuffs him.

17. Simultaneously, both Officer Cope and Reagan remind Simmons of Reagan's recent shoulder surgery and fixation; however, Cope continues to handcuff Reagan aggressively and unnecessarily behind his back.

18. Immediately upon Cope grabbing Reagan's left arm, Reagan screams in pain and is concerned that his recently repaired shoulder has been reinjured.

19. In fact, Cope's maneuver reinjured Reagan's left shoulder, caused a full thickness subscapularis tendon tear, and required Reagan to endure further surgery and treatment to treat the injury.

20. After handcuffing Reagan, Cope and Simmons keep Reagan handcuffed, load him into the rear seat of a police cruiser, and transport him to the Barberton Police Department.

21. Then, instead of seeking the immediate medical treatment Reagan required, the officers proceeded to book him and keep him in a holding cell overnight.

## COUNT I
### (Excessive/Unreasonable Use of Force)

22. Plaintiff realleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully rewritten herein.

23. Officers Simmons and Cope of the Barberton Police Department learned through conversation with Mr. Reagan that he had recently undergone shoulder surgery.

24. After searching Mr. Reagan's vehicle Officers returned to Mr. Reagan and indicated that "I am a little upset and disappointed in you right now".

25. Officers handcuffed Mr. Reagan forcibly putting his arms behind his back despite learning he recently underwent shoulder surgery.

26. Mr. Reagan audibly and physically writhed in pain indicating to officers that they had injured him.

27. Officers left Mr. Reagan cuffed behind his back for the remainder of the stop and until being taken to the police department for processing.

28. The officers' actions violated Mr. Reagan's Fourth amendment right not to be subjected to excessive force.

## COUNT II
### (Assault)

29. Plaintiff restates and incorporates by reference herein all of the foregoing allegations.

30. Upon stopping Plaintiff Reagan's vehicle, asking him to exit the vehicle, and learning that Plaintiff Reagan recently underwent shoulder surgery, officers forcibly placed Plaintiff Reagan in handcuffs with his hands behind his back.

31. In doing so, Plaintiff was reasonably in fear of Defendants' when they forcibly caused harm to his shoulder.

32. As a direct and proximate result of Defendants' conduct plaintiff suffered damages including but not limited to extreme emotional distress, physical pain, fear, mental suffering, and humiliation.

33. Defendants' actions on July 15, 2021 were willful, wanton, reckless, with malice, and for/or with conscious disregard of the Plaintiffs rights, entitling Plaintiff to an award of punitive damages.

## COUNT III
### (Negligence)

34. Plaintiff restates and incorporates by reference herein all of the foregoing allegations.

35. On or about July 15, 2021, after a routine traffic stop by Barberton Police Officers Simmons and Cope, Plaintiff Reagan was asked to exit his vehicle.

36. After previous conversation with officers regarding his recent shoulder surgery, officers forcibly handcuffed Mr. Reagan behind his back

37. Defendants failed to exercise due care and acted in a willful, wonton, and reckless manner while engaged in the actions and functions of a patrolman for the Barberton Police Department.

38. Defendants' willful, wonton, and/or reckless conduct proximately caused the physical and psychological damages to Plaintiff.

39. As a direct and proximate result of Defendants negligent conduct, Plaintiff suffered damages, including but not limited to: extreme emotional distress; physical pain; fear; mental suffering; required hospital and medical treatment; and, with reasonable certainty, will suffer great pain of body and mind and require hospital and medical treatment in the future—all to his expense and obligation.

## COUNT IV
### (Intentional infliction of emotional distress)

40. Plaintiff restates and incorporates by reference herein all of the foregoing allegations.

41. Defendants' intended to cause emotional distress and/or should have known that their conduct would result in serious emotional distress.

42. Defendants' conduct was so extreme and outrageous, as to go beyond all bounds of common decency, and was such that it must be considered as "intolerable in a civilized community."

43. As a direct and proximate result of Defendants' intentional and outrageous conduct, Plaintiff

suffered and continues to suffer serious psychological injuries, including but not limited to embarrassment, humiliation, mental anguish, loss of reputation, loss of self-esteem, harm to his relationship with his family, anxiety, and depression.

44. As a direct and proximate result of the intentional and outrageous conduct of Defendant, Plaintiff suffered damages, including but not limited to: extreme emotional distress; physical pain; fear; mental suffering; required hospital and medical treatment; and, with reasonable certainty, will suffer great pain of body and mind and require hospital and medical treatment in the future—all to his expense and obligation.

45. Defendants' actions on July 15, 2021 were willful, wanton, reckless, with malice, and/or with conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages.

## COUNT V
## (42 U.S.C. 1983)

46. Plaintiff restates and incorporates by reference herein all of the foregoing allegations.

47. Pursuant to 42 U.S.C. Section 1983, Plaintiff is afforded a cause of action for persons deprived by state action of any right, privilege or immunity secured by the United States Constitution.

48. Defendants, by state action and/or action otherwise undertaken under the color of law, have, with deliberate indifference as to the rights of the Plaintiff, deprived Plaintiff of rights, privileges or immunities secured by the United States Constitution.

49. Plaintiff was denied his Constitutional rights guaranteed by the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution as a result of an official policy and/or officially sanctioned policy of acquiescence to the suppression of these rights.

50. The actions of Defendants were objectively unreasonable actions which a reasonable person would have known were unlawful in light of pre-existing law, including but not limited to the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of Defendants' wrongful actions against Plaintiff in violation of Plaintiffs' Fourth, Fifth, Sixth and Fourteenth Amendment Rights, Plaintiff suffered the aforesaid injuries and damages. Defendants' actions were done with deliberate indifference as to the rights of the Plaintiff.

52. Plaintiff was denied due process and/or equal protection of law, as applied to the States by the Fourteenth Amendment to the United States Constitution, as a result of an official policy of suppression of these rights and/or officially sanctioned policy of acquiescence to the suppression of these rights.

53. Based upon the actions of Defendants described herein, the Defendants deprived Plaintiff of his right to due process causing actual damages, loss of reputation, and severe and permanent emotional distress.

54. Specifically, Defendants acted with gross recklessness and/or reckless disregard of Plaintiff's constitutionally protected rights by causing unnecessary and preventable injury to Plaintiff on the date in question. Defendants were neither privileged nor justified in their actions and done with deliberate indifference as to the constitutional rights of the Plaintiffs, including but not limited to Plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth amendments of the United States Constitution.

55. As a direct and proximate result of the wrongful conduct of Defendants, which was negligent, willful, wanton, reckless, deliberate, and/or intentional, Plaintiff has suffered the aforesaid injuries and damages.

WHEREFORE Plaintiff requests that this Court grant him the following relief, jointly and severally against the named defendants:

A. judgment for compensatory damages against all defendants in an amount to be determined at trial;

B. judgment for punitive damages against all defendants in an amount to be determined at trial;

C. an award of the costs of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. ' 1988 and/or 18 U.S.C. 1964(c); an order requiring Defendants to pay any judgment for compensatory damages entered against as well as the associated attorneys' fees and costs; and such other and further relief the court deems appropriate.

Respectfully Submitted,

/s/ Andrew J. Wides, Esq.
Andrew J. Wides (0091633)
**THE WIDES LEGAL GROUP, LLC**
The Riverparke Office Building
1653 Merriman Road, Suite 203
Akron, Ohio 44313
(234) 260-4918 (p)
(234) 260-4424 (f)
awides@wideslaw.com

/s/ Lawrence J. Spoljaric, Jr., Esq.
Lawrence J. Spoljaric, Jr., Esq. (0091634)
**LAWRENCE J. SPOLJARIC,**
The Riverparke Office Building
1653 Merriman Road, Suite 203
Akron, Ohio 44313
(234) 260-4446 (p)
lspoljaric@wideslaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiff hereby demands trial by the maximum number of jurors allowed by the law.

Respectfully submitted,

*/s/ Lawrence J. Spoljaric, Esq.*
Lawrence J. Spoljaric (0091634)

*Attorney for Plaintiff*